IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MONG TRAN,** | |
| **Petitioner,** | |
| v. | Civil No.: 1:25-cv-01598-JRR |
| **NIKITA BAKER,** *et al.*, | |
| **Respondents.** | |

## ORDER

The court has before it Petitioner's Motion to Reopen Case (ECF No. 33, "Motion to Reopen"), as well as Respondents' Motion to Dismiss, or Alternatively to Transfer Venue, for Lack of Subject-Matter Jurisdiction (ECF No. 35, the "Motion to Dismiss"), and Petitioner's response in opposition to the Motion to Dismiss and reply in support of her Motion to Reopen (ECF No. 36). No hearing is necessary. Local Rule 105.6 (D. Md. 2025).

Petitioner filed a Complaint for Declaratory and Injunctive Relief, and Petition for Writ of Habeas Corpus on May 17, 2025 (ECF No. 1, later amended by ECF Nos. 10 and 16; the "Petition"), pursuant to 28 U.S.C. §2241 challenging her detention by U.S. Immigration and Customs Enforcement ("ICE"). At the time of Petitioner's initial filing, she was detained in Maryland. As of July 1, 2025, Petitioner had been relocated and was detained in the Northwest ICE Processing Center in Tacoma, Washington. (ECF No. 16, ¶4.)

The court held a hearing on the Petition on July 23, 2024. On July 24, 2025, the court issued a memorandum opinion and order denying the Petition and directing the Clerk of Court to close the case (ECF Nos. 26 and 28); the case was administratively closed that same day. The order denying the Petition further directed that Respondents not remove Petitioner from the country for 10 days to allow Petitioner a reasonable opportunity to appeal the court's ruling to the

United States Court of Appeals for the Fourth Circuit and to protect and preserve appellate jurisdiction should she seek an appeal. Petitioner did not file a notice of appeal. Instead, a month later, on August 26, 2025, Petitioner filed the instant Motion to Reopen seeking to reopen the case in order that she can file a proposed renewed petition for habeas relief.

According to Respondents, at the time she filed her Motion to Reopen, Petitioner remained detained in the Northwest ICE Processing Center in Tacoma, Washington, located within the Western District of Washington, which Petitioner does not contest. (ECF No. 35-1 at p. 2, and Ex. A, ECF No. 35-2, ICE Inmate Locator record for Petitioner.)[1] This fact is fatal to the Motion to Reopen.

Subject matter jurisdiction of habeas petitions "lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 424, 443 (2004). The holding of *Padilla* is plain and unmistakable: ". . . as we have held, the immediate custodian rule applies to core habeas challenges to present physical custody. By definition, the immediate custodian and the prisoner reside in the same district." *See Trump v. J.G.G.,* 604 U.S. 670, 672 (2025) (quoting *Padilla* for this principle). No exception to this bright line rule applies here.

In view of the foregoing, upon the denial of her Petition and the administrative termination of her case in this district, this court was divested of subject matter jurisdiction to hear Petitioner's proposed renewed petition for habeas relief because her custodian is not within this district. Petitioner's custodian is within the Western District of Washington; and that district, not this one, is the proper jurisdiction in which Petitioner may seek habeas relief. Inasmuch as the court will not reopen the case to allow Petitioner to file her proposed renewed petition for habeas relief, the court will not transfer this action to the Western District of Washington, as no petition is presently

---

[1] The court takes judicial notice of Exhibit A to the Motion to Dismiss, as a document obtained from the public facing website of the Department of Homeland Security, a federal government agency.

pending which this court could transfer. Therefore, the court will deny the Motion to Reopen and Petitioner may seek appropriate relief in the district where her custodian is located, *i.e.* the district in which she is presently detained.

Accordingly, it is this 18th day of September 2025:

**ORDERED** that the Motion to Reopen (ECF No. 33) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the Motion to Dismiss shall be, and is hereby, **DENIED AS MOOT**.

Madam Clerk shall **CLOSE** this **CASE**.

/S/

_____
Julie R. Rubin
United States District Judge